Bradley S. Thomas (SBN 78946)
**MASON • THOMAS**
Attorneys at Law
2840 Fifth Street
Davis, CA 95618-7759
Telephone:  (530) 757-0883
Facsimile:   (530) 757-0895
E-mail:       Brad@masonthomas.com

Attorneys for Plaintiff
**REBECCA MERRILL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| REBECCA MERRILL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS, dba CHUKCHANSI GOLD RESORT & CASINO, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) FAILURE TO EXERCISE REASONABLE CARE FOR THE SAFETY OF AN INVITEE WHILE ON COMMERCIAL PREMISES**<br><br>**(2) FAILURE TO PROVIDE REASONABLE NOTICE TO AN INVITEE OF DEFECTIVE PREMISES**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.   This court has jurisdiction over this lawsuit because the action is an unlimited civil case arising from a claim subject to the Tort Claims Ordinance of the Picayune Rancheria of Chukchansi Indians §4.3.1, 4.3.2 and 4.3.3.

2.   Venue is proper in this district because defendant is located in the County of Madera, which is located within the Eastern District of California, Fresno Division.

---
1
COMPLAINT FOR DAMAGES

Furthermore, a substantial part of the acts giving rise to this claim occurred in this district.

## PARTIES

3. Plaintiff REBECCA MERRILL (hereinafter referred to as "Plaintiff") is an individual who is a citizen of the State of California.

4. Defendant PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS, dba CHUKCHANSI GOLD RESORT & CASINO (hereafter referred to as "Defendant") is an organization and business entity located in the County of Madera, State of California, and is owned and operated by the Picayune Rancheria of Chukchansi Indians, a sovereign state.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed prior to filing this complaint.

## GENERAL ALLEGATIONS

6. On the morning of August 4, 2009, plaintiff and her husband visited the Chukchansi Casino in Coarsegold, California. At approximately 11.30am, they left the Casino building and walked to their car which they had parked in the handicapped area of the casino parking lot.

7. After reaching their car, the plaintiff retrieved a used coffee cup from her vehicle, in order to take it from the car and place it in the nearby trash can. She walked to the trash can, located off the main walkway on an area of dirt covered by tree bark, and disposed of the coffee cup.

8. After placing the cup into the trash can, she proceeded to walk directly back to her vehicle, with the intention of leaving the premises. She walked in a direct line from the trash can, in the direction of her vehicle.

9. As she was walking toward her vehicle, she was caused to trip and fall, landing heavily on to the sidewalk. After falling, she immediately realized that she had been caused to trip by a significantly raised area of the sidewalk.

10. The raised area that caused her fall was a damaged section of the sidewalk, with multiple discrete and severe levels. On viewing the area after her fall, it was apparent to the plaintiff that the area of sidewalk was in a state of disrepair, and the uneven nature of that section of the sidewalk was inconsistent with the surrounding area.

11. After falling, the plaintiff immediately felt significant pain all over her body, specifically across her knees, her right hip, her back, her right hand and her right wrist. She was taken directly by ambulance to the Saint Agnes Medical Center, Fresno, where she was examined and X-rays were carried out.

12. On August 5, 2009, plaintiff attended her general physician and was later referred for physical therapy treatment to relieve her ongoing pain. The plaintiff continues to receive treatment for her injuries to date.

13. Subsequent to the plaintiff's trip and fall, the subject area that caused the fall was marked by warning signs, making it inaccessible to other users of the premises. The current condition of the area, and any resulting remedial work, is unknown.

## FIRST CLAIM FOR RELIEF

**Failure to exercise reasonable care for the safety of an invitee while on commercial premises**

14. Plaintiff hereby incorporates by reference Paragraphs 1 through 14 of this complaint as if fully set forth herein.

15. Defendant, by and through their agents and employees acting in the course and scope of their agency and employment, negligently and carelessly owned, controlled, supervised, designed, constructed, created, altered, repaired, maintained, operated and entrusted the aforementioned premises so as to proximately cause and permit said premises to be in a dangerous and defective condition in that said defendants failed to adequately and properly design, construct, create, alter, repair and/or maintain the subject sidewalk on the premises.

16. As a result of defendant's conduct and breach of the above stated duty, plaintiff has suffered injuries.

WHEREFORE, plaintiff prays judgment against defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

**Failure to provide reasonable notice to an invitee of defective premises**

17. Plaintiff hereby incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

18. Defendant knew, or in the exercise of reasonable care, ought to have known of the defect that caused the plaintiff to trip and fall. Defendant's negligent failure to provide warning or notice to the plaintiff of the defect was a directly proximate cause of the plaintiff's injuries.

WHEREFORE, plaintiff prays judgment against defendant as hereinafter set forth.

## PRAYER

WHEREFORE, plaintiff prays judgment against defendant as follows:

As to the First Claim for Relief:

1. For compensatory damages in an amount according to proof;
2. For reasonable attorney fees in an amount to be proven at trial;
3. For such other and further relief as this Court deems just and proper.

As to the Second Claim for Relief:

4. For compensatory damages in an amount according to proof;
5. For reasonable attorney fees in an amount to be proven at trial;
6. For such other relief as this Court deems just and proper.

DATED: May 24, 2010.

**MASON • THOMAS**

By _(signature)_
Bradley S. Thomas
Attorney for Plaintiff
REBECCA MERRILL