**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **REBECCA MERRILL,** | 1:10-CV-01155-OWW-SKO |
| **Plaintiff,** | **MEMORANDUM DECISION RE: DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (Doc. 12)** |
| **v.** | |
| **PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS, dba CHUKCHANSI GOLD RESORT & CASINO, and DOES 1 through 10, inclusive,** | |
| **Defendants.** | |

**I.  INTRODUCTION.**

**Defendant Picayune Rancheria of the Chukchansi Indians ("Chukchansi" or "Defendant"[1]) moves to dismiss the complaint of Plaintiff Rebecca Merrill pursuant to Fed. R. Civ. P. 12(b)(1). According to Defendant, the Court lacks subject matter jurisdiction to hear Plaintiff's negligence-based claims because the Tribe has not waived its sovereign immunity.**

**Plaintiff has filed an opposition, to which Defendant has replied.**

---

[1] Defendant is identified in the caption as the "Picayune Rancheria of the Chukchansi Indians, Chukchansi Economic Development Authority, dba Chukchansi Gold Resort & Casino."

**1**

**II.   FACTUAL AND PROCEDURAL BACKGROUND.**

This action arises from an accident at Defendant's Resort & Casino. Plaintiff alleges that, on August 4, 2009, she was a guest of the Resort and returned to her car, which was located in the handicapped section of Defendant's parking lot. (Doc. 1 at ¶ 6.) Plaintiff retrieved a used coffee cup from her car and discarded it in a nearby trash receptacle, which was located off the main walkway on an area of dirt covered by tree bark. (Id. at ¶ 7.) Returning to her vehicle, Plaintiff alleges that she "trip[ped] [on] a significantly raised area of sidewalk [located between the receptacle and her automobile]." (Id. at ¶ 7.) According to Plaintiff, the damaged section of the sidewalk contained "multiple discrete and severe levels" and was "in a state of disrepair [...] the uneven nature of that section of the sidewalk was inconsistent with the surrounding area." (Id. at ¶ 10.)

As a result of the fall, Plaintiff alleges she "felt significant pain all over her body, specifically across her knees, her right hip, her back, her right hand and her right wrist." (Id. at ¶ 11.) Plaintiff was taken by ambulance to St. Agnes Medical Center in Fresno, California, and, after a medical examination, she was released. (Id.) Plaintiff subsequently received treatment from a physical therapist for her injuries. (Id. at ¶ 12.)

On June 24, 2010, Plaintiff filed this action to recover compensatory damages for the injuries allegedly suffered as a result of the August 4, 2009 fall. The federal complaint advances two claims for relief: (1) failure to exercise reasonable care for the safety of an invitee while on commercial premises; and (2) failure to provide reasonable notice to an invitee of defective

premises. (Id. at ¶¶ 14-18.)

On November 15, 2010, Defendant moved to dismiss this action on the basis of sovereign immunity. (Doc. 13.) Plaintiff opposed the motion on December 6, 2010. (Doc. 16.)

### III.  DISCUSSION.

Defendant argues that it is a federally recognized Indian Tribe, entitled to sovereign immunity, and that the district court lacks subject matter jurisdiction over the present action. The motion to dismiss the complaint for lack of subject matter jurisdiction is analyzed under Fed. R. Civ. P. 12(b)(1).[2]

**A.  *Fed. R. Civ. P. 12(b)(1)***

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Federal subject-matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge). *See*

---

[2] Defendant also argues that the Court lacks personal jurisdiction, either general or specific, over it because "the entire Complaint is barred by sovereign immunity." Defendant is correct that a court must have either general or specific jurisdiction in order to have in personam jurisdiction over the defendant. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); Fed. R. Civ. P. 12(b)(1).

3

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts lack of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003). By contrast, with a factual challenge, a court need not assume the truth of factual allegations but may hear additional evidence about jurisdiction and resolve factual disputes when necessary. *See Roberts*, 812 F.2d at 1177 (quotation omitted). If a defendant challenges jurisdiction by presenting evidence, then the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003).

Defendant here advances a facial challenge to the complaint under the doctrine of sovereign immunity.

B. *Sovereign Immunity*

Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign. Similarly, tribal immunity precludes subject matter jurisdiction in an action against an Indian Tribe. *See, e.g., Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007). "Suits against Indian tribes are [...] barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991); *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1398 (9th Cir. 1993). A tribe's sovereign immunity extends both to tribal

governing bodies and to tribal agencies which act as an arm of the tribe. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006).

In this case, it is undisputed that Defendant is a federally-recognized sovereign Indian tribe. *See Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino and Resort*, --- F.3d ----, 2010 WL 5263143, at 1 (10th Cir. 2010)(stating that "the [Chukchansi] Casino is operated for the benefit of a federally recognized Indian tribe, the Picayune Rancheria of the Chukchansi Indians."); *see also* 74 Fed. Reg. 40219 (2010)(listing "Picayune Rancheria of Chukchansi Indians of California" as one of the "Indian Tribal Entities Within the Contiguous 48 States Recognized and Eligible to Receive Services From the Unites State Bureau of Indian Affairs."). Plaintiff also does not dispute that the alleged accident occurred on property owned and operated by Defendant.[3] Sovereign immunity applies unless Plaintiff shows it has been expressly waived.

C. *Waiver*

Waiver of sovereign immunity by a tribe may not be implied and must be expressed unequivocally. *Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996). "There is a strong presumption against waiver of tribal sovereign immunity." *Demontiney v. United States*, 255 F.3d 801, 811 (9th Cir. 2001). Plaintiff argues that Defendant

---

[3] The Tribe wholly owns and operates the Resort & Casino, which is not separately owned or operated under any law, and is located in Coarsegold, California on land the United States holds in trust for the Tribe. (Doc. 12-1 at ¶¶ 3-5.)

5

1 waived its sovereign immunity by adopting and distributing the
2 "Picayune Rancheria of Chukchansi Indians Indians Tort Claims
3 Ordinance."  Plaintiff claims that the Ordinance, enacted on May
4 25, 2003, waives the Defendant's sovereign immunity for "<u>any suits
5 brought against them</u> relating to injuries suffered as a result of
6 negligent acts, omissions, or caused by a dangerous condition of
7 the property."  (Doc. 16 at 2:26-2:28)(emphasis added).  Plaintiff
8 argues, incorrectly, that this waiver of immunity extends to cases
9 filed against Defendant in federal court.

Plaintiff claims that Section 4.3 of the Ordinance is a clear waiver of tribal immunity:[4]

> 4.3    The sovereign immunity of the Tribe and the Chukchansi Gold Resort & Casino is waived in the following instances:
>
>   4.3.1    Injuries proximately caused by the negligent acts or omissions of the Chukchansi Gold Resort & Casino;
>
>   4.3.2    Injuries proximately caused by the condition of any property of the Tribe at the Chukchansi Gold resort & Casino, provided that the Claimant established that the property was in dangerous condition and the Chukchansi Gold Resort & Casino personnel had actual knowledge or constructive notice of the dangerous condition and sufficient time to prior to the injury to take measures to remedy or protect against the dangerous condition;
>
>   4.3.3    Negligent acts or omissions of Chukchansi Gold Resort & Casino employees or agents within the course and scope of their employment or agency.

(Id. at 3:1-3:13.)

Plaintiff's proposed reading of the May 25, 2003 Ordinance is

---

[4] The complete "Picayune Rancheria of Chukchansi Indians Indians Tort Claims Ordinance" is attached as an exhibit to Plaintiff's opposition, Doc. 16-1.

6

overly parsed and incomplete.  In particular, Plaintiff overlooks that the two preceding subsections of the Ordinance - §§ 4.1 & 4.2 - make clear that this limited waiver of immunity applies only to suits filed in tribal court, not in federal court.  Those provisions of the Ordinance provide, in relevant part:

> 4.0   Limited Waiver of Sovereign Immunity
>
> 4.1   The sovereign immunity of the Tribe shall continue except to the extent that it is expressly waived by this Ordinance, Officers of the Tribe, including members of the Tribal Council, remain immune from suit for actions arising within the course and scope of their authority and duties.
>
> 4.2   *The Chukchansi Gold Resort & Casino and the Tribe may be sued solely in Tribal Court.  <u>The Tribe does not waive immunity from suit in any state or federal court.</u>*

(Doc. 16-1 at pg. 16)(emphasis added).

Contrary to Plaintiff's arguments, the presence of § 4.3 in the Tribal Ordinance cannot serve as a broad and complete waiver of sovereign immunity in this case.  The Tribe's Ordinance expressly reserves sovereign immunity with respect to litigation in federal or state court.  The only waiver and appropriate venue for compensatory redress for negligence-based actions is in tribal court.  See Tribal Ordinance § 4.2 ("The Chukchansi Gold Resort & Casino and the Tribe may be sued solely in Tribal Court.")  The relevant provisions, read together, demonstrate that the Tribe unambiguously intended to preserve its tribal sovereign immunity as to claims raised in *any* judicial forum, federal or state.

Plaintiff submits no other documents or authority showing a waiver of sovereign immunity as to claims advanced in a U.S.

7

**District Court. Based on the plain and express language of Section 4.2 and a complete review of the Ordinance, the Court finds that, at most, Defendant has agreed to a limited waiver of sovereign immunity in tribal court for negligence-based claims allegedly occurring at its Resort and/or parking facility.**

**Plaintiff's citation to two prefatory subsections, §§ 2.1 and 2.4, has little, if any, bearing on the analysis.[5] These two subsections, located in the "definition" portion of the Ordinance, only serve to define the relevant commercial premises and adjacent real property under the authority and control of the Tribe; and the scope of "injuries" that are capable of redress in a tribal forum, if a claimant complies with the claim and notice procedures delineated in §§ 7.1 and 7.2 of the Ordinance. These two subsections, taken separately or cumulatively with the other subsections cited by Plaintiff, do not establish that Defendant <u>expressly waived</u> its sovereign immunity with respect to federal**

---

[5] These provisions provide, in relevant part:

2.0 <u>Definitions</u>

    2.1 "Chukchansi Gold Resort & Casino and its appurtenances" includes the interior premises of the Chukchansi Gold Resort & Casino, the parking lots serving the Chukchansi Gold Resort & Casino, and the roadway to the Chukchansi Gold Resort & Casino, known as Lucky Lane [...]

    2.4 "Injury" means death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation or character of such a nature that it would be inactionable if inflicted by a private person.

(Doc. 16-1 at pgs. 14-15.)

8

**court litigation.**

**It is appropriate to identify what this case is not about. The arguments here are not comparable to those advanced and discussed in *C & L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411 (2001), *Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 542 F.3d 224 (8th Cir. 2008), *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 313 F.3d 1087 (8th Cir. 2002), *Garcia v. Akwesasne Hous. Auth.*, 268 F.3d 76 (2nd Cir. 2001) and *Saroli v. Agua Caliente Band of Cahuilla Indians*, No. 10-CV-1748-BEN-NLS, 2010 WL 4788570 (S.D. Cal. Nov. 7, 2010), cases involving "sue or be sued" clauses inserted into tribal charters, disputes over contracts and rental agreements, or the scope/enforceability of "choice-of-law" and arbitration provisions. Those subjects were not raised in the parties' briefing and are not addressed here. The resolution of this dispute is limited to whether Defendant waived its tribal sovereign immunity pursuant to the May 25, 2003 Ordinance.**

**The final argument advanced by Plaintiff is that Defendant has not promptly administered her claim as required under the May 25, 2003 Ordinance.[6] Plaintiff asserts her claim was properly filed**

---

[6] With respect to this argument, Plaintiff refers to §§ 7.1 and 11 of the Ordinance. These provisions provide, in relevant part:

    7.0  <u>Notice Requirements</u>

        7.1  Claims brought under this Ordinance must be made within 180 days after the claim accrues. Claims must be presented to the Chukchansi Gold Resort & Casino General Manager on a claim form provided by the Chukchansi Gold Resort & Casino. The General Manager shall immediately forward

**with the tribal court on September 17, 2009. To date, however, Plaintiff has only received a June 24, 2010 letter from the Tribe indicating that it was aware of an "open personal injury claim against the Tribe." As a result, according to Plaintiff, the status of her claim - i.e., its acceptance or rejection - is entirely unclear.[7]**

**Plaintiff argues that the Tribe's alleged "unwillingness" to timely process her claim constitutes a cognizable cause of action in federal court:**

> As a result of the Tribe's unwillingness to provide any information regarding the status of her claim, the Tribe violated the Plaintiff's right to a prompt investigation of her claim under the Ordinance. The plaintiff was

> copies of all claims arising under this Ordinance to the Tribal Gaming Commission, the Chukchansi Economic Development Authority Board of Director's and the Tribe's Insurer. Such forms may be obtained from the Chukchansi Gold Resort & Casino, or the Tribal Gaming Commission [...]

> 11.0 <u>Acceptance or Rejection of Claim</u>
>
> All claims meeting the criteria of Section 6.0 above shall be forwarded to the Tribe's insurer within thirty (30) calendar days of receipt of such a claim. The claim shall be promptly investigated and the Claimant shall be advised as to whether the Tribe's Insurer accepts or rejects such claim. Notification of rejections shall be made by the Tribe's personal service, or any form of mail which shall provide a receipt to the sender. A copy of any such notification shall be forwarded to the Chukchansi Gold Resort & Casino General Manager, the Tribal Gaming Commission and the Tribal Council.

(Doc. 16-1 at pgs. 17-18.)

---

[7] Plaintiff claims she forwarded a number of electronic documents to the Tribe's Director of Risk Management on March 8, 2010.

> left with no other recourse than to file her complaint in the Eastern District.  More than nine months had passed between the plaintiff filing her claim with the Tribe, and finally being contacted by the Tribe's insurer, albeit without an indication of rejection or acceptance of her claim.
>
> The Ordinance does not provide any remedy for a claimant who does not receive the benefit of the rights afforded under the Ordinance.  In the absence of any confirmation from the Tribe, the waiver of immunity for the type of suit brought by the plaintiff, the Eastern District of California was the appropriate forum at the time the complaint was filed.

(Doc. 16 at 15:26-16:3.)

These arguments, which draw on constitutional due process, run into a powerful impediment, namely that Indian tribes are neither states nor part of the federal government, therefore Courts have held that the Bill of Rights and the Fourteenth Amendment generally do not apply to them.  *See, e.g., Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56-57 (1978)("[T]ribes have historically been regarded as unconstrained by th[e]se constitutional provisions framed specifically as limitations on federal or state authority.").  The Ninth Circuit has further held: "Constitutional guarantees [] are not applicable to the exercise of governmental powers by an Indian tribe except to the extent that they are made explicitly binding by the Constitution or are imposed by Congress." *Trans-Canada Enters. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 476-77 (9th Cir. 1980). These cases, and others, make clear that allegations of substantive and/or procedural constitutional violations against a federally-recognized Tribe do not create jurisdiction in the absence of express congressional or constitutional authority, circumstances

not present in this case.[8]

Even if Plaintiff's arguments were valid, which they are not, the Court would be constrained to interpret the meaning of "prompt investigation" under the terms of the Ordinance. Such an undertaking oversteps the boundaries of federal jurisdiction in interpreting tribal constitutions and bylaws. *See, e.g., In re Sac & Fox Tribe of the Mississippi of Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 751 (8th Cir. 2003)("Jurisdiction to resolve internal tribal disputes, interpret tribal constitutions and laws, and issue tribal membership determinations lies with Indian tribes and not in the district courts.")(citation omitted); *see also Goodface v. Grassrope*, 708 F.2d 335, 339 (8th Cir. 1983) ("[T]he district court overstepped the boundaries of its jurisdiction in interpreting the tribal constitution and bylaws and addressing the merits of the election dispute.").

Defendant did not waive its tribal sovereign immunity when it adopted and distributed the May 25, 2003 Ordinance. The subsections cited by Plaintiff do not establish that Defendant expressly waived its sovereign immunity with respect to federal court litigation, the required showing in this Circuit. Plaintiff's remaining arguments are similarly flawed as the allegations of an untimely claim investigation, without exhausting tribal court review, do not create federal jurisdiction; and well-established federal appellate law establishes that judicial

---

[8] There are no allegations or argument that such congressional or constitutional authority exist in this case. *Compare* 25 U.S.C. § 1303 (vesting district courts with jurisdiction over habeas writs from tribal courts).

**interpretation of tribal law is not allowed. No subject matter jurisdiction exists over the present action.[9]**

### IV. CONCLUSION.

**Defendant's motion to dismiss the complaint is GRANTED. Defendant is a federally recognized Indian Tribe, entitled to sovereign immunity. It has not expressly waived its tribal sovereign immunity pursuant to the terms of the May 25, 2003 Ordinance. The complaint is DISMISSED.**

**Defendant shall submit a form of order consistent with, and within five (5) days following electronic service of, this Memorandum Decision.**

IT IS SO ORDERED.

Dated:   February 22, 2011                     /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE

---

[9] At oral argument, Plaintiff acknowledged that the Tribe did not waive its tribal sovereign immunity by adopting the May 25, 2003 Ordinance. Plaintiff, however, asserted that the Court should reserve its ruling on the motion "just in case" the Tribe's insurer ignores her claim in perpetuity and/or facts develop relevant to a potential "denial of access" claim against the Tribe. These issues were not fully briefed and, to the extent it can be ascertained, are not now ripe for decision. Particularly, it is undisputed that Plaintiff has not filed an appeal under the Tribe's Tort Claims Ordinance, i.e., she has not exhausted tribal court review. Without any factual allegations in the operative Complaint, a Court cannot speculate as to the merits of Plaintiffs' potential "lack of access" claim.